

# The Attorney General of Texas

December 17, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Richard Morales, Sr.
Webb County Attorney
1810 San Bernardo
Laredo, Texas 78040

Opinion No. MW-102

Re: Whether an elected official may designate a nonelected alternate to serve on the board of directors of a regional planning commission.

Dear Mr. Morales:

You have asked whether a member of the Board of Directors of the South Texas Development Council who is a locally elected official, may designate a non-officeholder alternate to serve in his absence. The Council is a regional planning commission established under the terms of article 1011m, V.T.C.S. The Council is a political subdivision of the state with the authority to contract, purchase or lease real property, and employ a staff. Id. § 4. It lacks the power to tax, but it may receive funds or grants from any source. Id. § 6. The cooperating governmental units by joint agreement determine the number and qualifications of the governing body — the Board of Directors. Id. § 5. At least two thirds of the membership must be elected officials from county or municipal government. The governing body of the South Texas Development Council consists of eighteen members. The means and methods of the operation of the regional commission is determined by the participating governmental units. Id.

Generally, governmental powers must be exercised by the officials designated by law to execute public duties. Moody v. Texas Water Commission, 373 S.W.2d 793 (Tex. Civ. App. — Austin 1963, writ ref'd n.r.e.). Unless otherwise permitted by law or the ministerial nature of the duties, an official may not delegate his authority to another. Newsom v. Adams, 451 S.W.2d 948 (Tex. Civ. App. — Beaumont 1970, no writ); Krug v. Lincoln National Life Insurance Co., 245 F.2d 848 (5th Cir. 1957). Attorney General Opinions WW-66 (1957); V-350 (1947). However, article 1011m, section 5, allows considerable discretion to the participating governmental units as to the makeup of the governing body so long as elected officials constitute two thirds of the body. By joint agreement the cooperating units determine the number and qualifications of the members of the governing body, the manner of cooperation, and the means and methods of the

operation of the regional planning commission. We believe that this broad authority would permit a joint agreement which would provide for the designation of alternates so long as two thirds of the acting members are elected officials. Absent such a joint agreement, however, we do not believe that the designation of alternates is permissible under the authorities cited above.

## SUMMARY

Designation of alternate members to serve on the board of directors of a regional planning commission is permissible only if so provided by joint agreement among the participating governmental unit so long as two thirds of those acting as board members are elected officials of a county or incorporated municipality.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid